UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David L. Bonuccelli and David L. Bonuccelli & Associates, Inc.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MHR Lewis (US) LLC, et al.,<br><br>        Defendants. | No. 2:20-cv-01553-KJM-CKD<br><br>ORDER |

    David Bonuccelli claims his former attorneys at MHR Lewis (US) LLC are liable for legal malpractice, gross negligence, and elder abuse as a result of the firm's incompetence in drafting a demand letter to one of Bonuccelli's clients. MHR Lewis moves to dismiss for failure to state a claim. The motion is **granted in part with leave to amend**.

I.    **ALLEGATIONS**

    Bonuccelli has a longstanding relationship with the California State Teachers Retirement System. *See* Letter from Patrick McHugh to Jonathan Roth (McHugh Letter) at 1–2 (Feb. 13, 2019), ECF No. 1-1.[1] In 2017 and 2018, he worked with a real estate investment trust called

---

[1] This letter is attached as Exhibit A to a document that is itself attached as an exhibit to Bonuccelli's complaint. The complaint refers to the letter, and the parties do not dispute its

1

1   "3650 REIT" to arrange for CalSTRS to make a $200 million commitment to the REIT.  *See*

2   Compl. ¶ 13, ECF No. 1; *see also* McHugh Letter at 1.  The REIT never paid Bonuccelli for his

3   services, so in late 2018, he engaged MHR Lewis to pursue payment.  *See* Compl. ¶¶ 12–13.

4   MHR Lewis is a Connecticut law firm with offices in Connecticut, New York, and Berlin.  *See id.*

5   ¶ 3; McHugh Letter at 1.

6       An MHR attorney sent a demand letter to the REIT, requesting $4 million plus interest,

7   i.e., 2 percent of the initial CalSTRS commitment.  *Id.* ¶ 13.  The letter described the demand as a

8   "placement fee" and argued that 2% was "consistent with industry standard and practice."

9   McHugh Letter at 1–2.  The letter also requested 1.5 percent of any follow-on commitment up to

10  a $500 million total.  *Id.* at 2.  In response, a few weeks later, a lawyer representing the REIT

11  argued California law prohibited "placement fees" like the fee Bonuccelli demanded.  *See* Compl.

12  ¶ 14 & Ex. A ¶ 15.  The REIT rejected the demand.  *See id.*  Nothing happened for almost a year.

13  *See id.* ¶ 16.  Then, in February 2020, Bonuccelli retained a California firm, which responded to

14  the REIT that the demand was not a placement fee and not illegal.  *Id.*

15      The REIT filed a declaratory judgment action against Bonuccelli in California state court

16  soon after receiving his new attorneys' follow-up letter.  *See id.* ¶ 17; *see also* Compl., *3650 REIT*

17  *v. Bonuccelli*, No. 34-2020-00277329 (Sacramento Cty. Sup. Ct. filed Mar. 11, 2020).[2]  The REIT

18  asked the court to declare that the fees Bonuccelli demanded were illegal no matter what they

19  were called and that the REIT owed nothing.  Compl. ¶ 17.  Bonuccelli countersued the REIT in

20  California state court the next day.  *See* Compl., *Bonuccelli v. 3650 REIT*, No. 34-2020-

21  00277415 (Sacramento Cty. Sup. Ct. filed Mar. 12, 2020).[3]  He asserted claims for breach of

22  contract, fraud, conversion, and unfair business practices, among others.  Both the REIT's state

---

authenticity.  The court may therefore consider the letter here without undertaking the procedure described in Federal Rule of Civil Procedure 12(d).  *See Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 964 n.6 (9th Cir. 2014).

[2] Bonuccelli attached a copy of this complaint to the complaint he filed in this action at ECF No. 1-1.

[3] The court grants the request for judicial notice of this complaint, but not the truth of its allegations.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").  A copy is available on the docket of this action at ECF No. 7-2.

court action and Bonuccelli's state court action are still pending. *See* Req. J. Not. Exs. 2, 4, ECF No. 7-2 (reproducing civil case details).

Bonuccelli also filed this lawsuit against MHR Lewis in this court. He asserts three claims. First, he alleges MHR Lewis's representation fell below professional standards because its attorneys were not admitted to practice law in California, because they mischaracterized permissible contingency fees as illegal "placement fees," and because they did not designate the demand letter as an inadmissible settlement communication. Compl. ¶ 20. In short, he alleges, MHR Lewis's representation wrongly forced him into an unnecessary conflict and litigation with the REIT about whether his requested fee was illegal. *Id.* ¶ 23. Second, Bonuccelli alleges MHR Lewis's representation fell so far below professional standards as to be grossly negligent. *Id.* ¶¶ 24–29. Third, he alleges the representation was so manipulative that it amounted to elder abuse; Bonuccelli was 65 at the time MHR advised him. *Id.* ¶¶ 30–35.

MHR Lewis moves to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. *See* Mem. at 10–15, ECF No. 7-1. In the alternative, it requests a stay while the state court litigation is ongoing. *See id.* at 15–16. The motion is now fully briefed and was submitted without oral argument. *See* Opp'n, ECF No. 9; Reply, ECF No. 12; Minute Order, ECF No. 11.

## II.   LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes these factual allegations are true and draws reasonable inferences from them. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Id.* at 679.

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at

678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

### III. ANALYSIS

Bonuccelli's first claim is for professional negligence. "The elements of a claim for professional negligence are: '(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.'" *Paul v. Patton*, 235 Cal. App. 4th 1088, 1095 (2015) (quoting *Osornio v. Weingarten*, 124 Cal. App. 4th 304, 319 (2004)). "These same elements are required for a legal malpractice claim." *Kemper v. County of San Diego*, 242 Cal. App. 4th 1075, 1089 (2015).

Here, as summarized above, Bonuccelli alleges MHR Lewis owed him a professional duty of competent representation and breached that duty by describing his requested fee as a "placement fee," which, he alleges, is illegal in California. He claims that if MHR Lewis had not used those words, he would have received compensation for his efforts, would never have been forced to defend himself in the REIT's declaratory judgment action, and would never have needed to file his own action in state court. Opp'n at 7; Compl. ¶ 22. These allegations suffice to state a claim because they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "No more is required under federal pleading standards." *Land O'Lakes, Inc. v. Dairyamerica, Inc.*, No. 15-01937, 2017 WL 495644, at *5 (E.D. Cal. Feb. 6, 2017) (denying similar motion to dismiss professional negligence claim).

MHR Lewis urges the opposite conclusion based primarily on theories about the true causes of the dispute between Bonuccelli and the REIT. *See* Mot. at 11–12. It points out, for example, that the REIT's allegations against Bonuccelli do not rest solely on the description of his claim as a "placement fee." The REIT also claims it "never reached any agreement regarding any purported compensation" with Bonuccelli "in connection with the CalSTRS transaction," and it contends that any payments would be illegal no matter what they are called. *See* Req. J. Notice,

4

1  Ex. 5 ¶ 11; *id.* Ex. 7 at 3.  Nor did the REIT sue immediately after hearing from MHR Lewis.  As
2  noted above, it appears to have done nothing at all for more than a year.  The impetus of its
3  declaratory judgment action may actually have been Bonuccelli's second letter, sent by a different
4  law firm and contending the requested payment was not a "placement fee."  These arguments
5  may eventually carry the day, but they are factual arguments for a fact-finder, not this court at this
6  stage.  "[D]ismissal on the basis of causation is premature at this stage in the proceedings."
7  *Mosier v. Stonefield Josephson, Inc.*, No. 11-2666, 2011 WL 5075551, at *7 (C.D. Cal. Oct. 25,
8  2011) (denying motion to dismiss professional negligence claims under California law).
9       Bonuccelli's second claim is for "gross negligence."  "California does not recognize a
10 distinct cause of action for 'gross negligence' independent of a statutory basis."  *Eriksson v.*
11 *Nunnink*, 191 Cal. App. 4th 826, 856 n.18 (2011) (quoting *Saenz v. Whitewater Voyages, Inc.*,
12 226 Cal. App. 3d 758, 766 n.9 (1990)).  The complaint does not identify a statutory basis for the
13 gross negligence claim.  Its allegations suggest it is a general claim for negligence.  *See* Compl.
14 ¶ 26.  If so, it is duplicative of Bonuccelli's professional negligence claim.  In this respect, the
15 motion to dismiss is granted with leave to amend to assert an independent claim if possible under
16 Federal Rule of Civil Procedure 11.
17      The third claim is for financial abuse of an elder under California Welfare and Institutions
18 Code section 15610.30.  Bonuccelli alleges MHR Lewis exercised undue influence over him, *see*
19 Compl. ¶ 32, which appears to be a reference to Welfare and Institutions Code section
20 15610.30(a)(3).  "Undue influence," as used in that section, "means excessive persuasion that
21 causes another person to act or refrain from acting by overcoming that person's free will and
22 results in inequity."  *See* Cal. Welf. & Inst. Code §§ 15610.30(a)(3) & 15610.70(a).  Bonuccelli's
23 complaint does not include factual allegations to show MHR Lewis used such "excessive
24 persuasion."  This claim is therefore also dismissed with leave to amend if possible under Federal
25 Rule of Civil Procedure 11.
26 /////
27 /////

5

## IV. CONCLUSION

The motion to dismiss is **denied in part** as to the first claim and **granted in part with leave to amend** as to the remaining claims. Any amended complaint must be filed **within fourteen days**.

MHR Lewis's alternative request for a stay is **denied without prejudice**. The parties are directed to meet and confer and propose a schedule—if possible, jointly—for this action that will minimize the duplication of effort going forward and any conflicts with the state court litigation. This proposal should be included within the updated joint status report required by this court's previous minute order, ECF No. 14. The combined updated report and scheduling proposal **shall be filed within seven days**.

This order resolves ECF No. 7.

IT IS SO ORDERED.

DATED: April 19, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE